

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00016-CV

**BOMAR OIL & GAS, INC.,**

Appellant

v.

**D. MARK LOYD,**

Appellee

From the 87th District Court
Freestone County, Texas
Trial Court No. 04-072B

## OPINION ON REHEARING

D. Mark Loyd sued BoMar Oil & Gas, Inc., the operator of the Marie C. Dodge Well in which Loyd has an unleased mineral interest, for fraud, violations of the Deceptive Trade Practices Act, and an accounting.

On original submission, we reversed the jury's fraud and DTPA findings and we modified the judgment by deleting awards for attorney's fees, additional damages under the DTPA, and pre-judgment interest. *See Bomar Oil & Gas, Inc. v. Loyd*, No. 10-08-00016-CV, 2009 Tex. App. LEXIS 5505 (Tex. App.—Waco July 15, 2009, no pet. h.)

(mem. op.). We also reduced the amount of actual damages by $1,000. *Id*. We did not address the jury's award of $1,000 for Loyd's share of oil separated into tanks at Williams Common Point. *Id*.

In his motion for rehearing, Loyd urges us to reform our judgment to include the $1,000 award.[1] He argues that BoMar failed to attack the award on appeal. BoMar responds that: (1) it was unnecessary to attack the award because the trial court awarded damages based on DTPA/fraud; (2) Loyd offers no support for his position that the trial court should have rendered judgment based on this award; and (3) the award is "not readily associated with any recognizable cause of action;" therefore, it is immaterial and should be disregarded.

The award appears to be a part of Loyd's accounting action. *See Byrom v. Pendley*, 717 S.W.2d 602, 605 (Tex. 1986) (A cotenant may "extract minerals from common property without first obtaining the consent of his cotenants; however, he must account to them on the basis of the *value of any minerals taken*, less the necessary and reasonable costs of production and marketing."); *see also Cox v. Davison*, 397 S.W.2d 200, 201-03 (Tex. 1965). At trial, Loyd testified that gas contains free liquids, such as oil and water, which travel down the pipeline to the Williams Common Point. Several wells feed into the Williams Common Point. The liquids are separated, stored in a tank, and sold. BoMar's expert witness Don Kirsch testified that if the volume can be determined, Loyd is entitled to his proportionate share of these liquids. BoMar's President L.B.

---

[1] Loyd also challenges our reversal of the prejudgment interest award. We deny Loyd's motion for rehearing on this issue.

Preston testified that Loyd should have been credited for the liquids, although it would be an "insignificant" amount. Based on information from the Railroad Commission admitted into evidence, Loyd explained that the Dodge should be credited for a total of $71,517, of which he is entitled to $21,852. Loyd's expert Edward Zeigler testified that Loyd is entitled to approximately $5,000 for these liquid hydrocarbons.

Loyd is entitled to his proportionate share of any oil from the Dodge Well that is separated into the tanks at Williams Common Point and the jury so found. The jury's award of $1,000 in damages is supported by the record. Accordingly, we grant Loyd's motion for rehearing in part. We withdraw the judgment dated July 15, 2009 and replace it with a judgment issued contemporaneously with this opinion on rehearing. We modify the trial court's judgment to reflect that Loyd should recover under his claim for an accounting and by deleting the awards of $200,000 in additional damages under the DTPA, $61,823 in trial attorney's fees under the DTPA, $20,000 in appellate attorney's fees under the DTPA, and $19,779.36 in pre-judgment interest. We affirm the judgment as modified.

FELIPE REYNA
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
     (Chief Justice Gray dissenting, in part, with a note)*
Affirmed as modified
Opinion delivered and filed October 14, 2009
[CV06]

\*      (Chief Justice Gray dissented, in part, to the Court's prior judgment with a note to the original opinion. That dissent, relating to the denial of prejudgment interest, has not been withdrawn. He also notes that he would allocate costs in accordance with Rule 139. *See* TEX. R. CIV. P. 139.)